# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| AARON LEE HOLMAN, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | Civil Action No. H-06-1735 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Director, TDCJ-ID, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND OPINION

Petitioner Aaron Lee Holman has filed a petition for a writ of habeas corpus. When he sued in May 2006 in the Northern District of Texas, Holman alleged that he was imprisoned beyond the term of his sentence and asked to be released. Holman alleged that an 18-month sentence he received in 1996 from a Texas state court for possession of a controlled substance was supposed to run concurrent with a 15-year sentence he was serving for a 1989 conviction for possession of cocaine. Holman alleged that instead, only six months of the later sentence ran concurrent to the earlier sentence, resulting in an additional year of incarceration.

Holman discharged both sentences and was released in August 2006. The respondent has moved to dismiss on the ground that Holman is no longer is custody. Holman has not filed a response to the motion to dismiss. Nor has he advised this court of his present address; the last mailing to him by the clerk of court was returned undeliverable.

Title 28, Section 2254 of the United States Code states, in part,

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254. Holman no longer meets the "in custody" requirement of section 2254. The records show that Holman has discharged both the 15-year sentence and the later-imposed 18-month sentence that he claims was run partially concurrent and partially consecutive rather than entirely concurrent. Respondent contends that this court lacks subject matter jurisdiction over Holman's section 2254 petition.

In *Maleng v. Cook*, 490 U.S. 488, 109 S. Ct. 1923, 104 L. Ed.2d 540 (1989), the Supreme Court considered a petition filed by an inmate then incarcerated in a federal prison, who contested a state conviction for which the sentence had expired. The petitioner argued that the state conviction resulted in enhancement of another state sentence that he would be serving immediately following the expiration of his federal sentence. *Id*. at 489-90, 109 S. Ct. at 1924-25. The Court held that a petitioner whose sentence has expired is no longer "in custody" for purposes of that conviction, even if it was used to enhance his current or future sentences. *Id*. at 492, 109 S. Ct. at 1925-26. Because Holman's Texas sentences have expired, he is no longer "in custody" pursuant to those convictions for purposes of section 2254.

Holman has not responded to the motion to dismiss. He has not presented a jurisdictional basis for his section 2254 petition to this court. Nor has he met his obligation to keep this court informed of his address. This petition is dismissed, without prejudice, for lack of jurisdiction and lack of prosecution.

SIGNED on January 31, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge